UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Na Li,

                Plaintiff,

v.

Michael Chertoff, et al.

                Defendants.

_____

Civil No. 07-2523 (PJS/JJG)

**REPORT AND RECOMMENDATION**

Plaintiff Na Li ("Li") brings this action pro se requesting that the Court compel the Defendants to adjust his immigration status from alien to lawful permanent resident.  The matter is before the Court on the Defendants' Motion to Dismiss or for Summary Judgment (Doc. No. 3).  The District Judge has referred the Defendants' motion to this Court pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.  For the reasons set forth below, the Court recommends denial of the Defendants' motion and dismissal of this case as moot.

**I.     BACKGROUND**

Li is a Chinese citizen.  He has worked at the University of Minnesota as a biostatistics professor since August 2003.  In September 2004, the University of Minnesota filed an I-140 petition with United States Citizenship and Immigration Services ("USCIS") to allow Li to become a permanent resident in the United States based on employment.  Also in September 2004, Li filed an I-485 application with USCIS to adjust his status from alien to lawful permanent resident based on his employer's I-140 petition.

USCIS approved the University of Minnesota's I-140 petition filed on Li's behalf. Approval of Li's I-485 adjustment of status application, however, was delayed pending completion of the USCIS background check. This process includes an FBI name check where Li's information is processed through various FBI databases for security reasons. Due, in part, to the large number of name checks requested of the FBI, the name check process can consume many months and even years.

Li filed suit on May 30, 2007, after his application for adjustment of status had been pending for almost three years. Subsequently, on December 6, 2007, the Department of Justice notified Li that his application for permanent resident status had been granted. *See* Doc. No. 14, Attachment 1.[1]

## II.    ANALYSIS

Li's suit seeks adjustment of his immigration status to lawful permanent resident. That adjustment has now occurred. This case is, therefore, moot.

Article III of the United States Constitution limits federal courts to adjudication of actual, ongoing controversies between litigants. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (federal courts may not render advisory opinions and are "without power to decide questions that cannot affect the rights of litigants in the case before them"). *See also Doe v. LaFleur*, 179 F.3d 613, 615 (8th Cir. 1999) (same). Even where a controversy exists at the time of the filing of a suit, where subsequent events deprive the court of the ability to adjudicate meaningful relief, the

---

[1] The Court requested that both parties file an update regarding the status of Li's adjustment of status application. *See* Doc. No. 13. The Defendants filed a letter explaining that Li's status had been adjusted to lawful permanent resident and attaching the Department of Justice notice to Li reflecting the same. *See* Doc. No. 14. Li did not file a status update or submit any response to the Defendants' status letter.

case is moot.  *Doe*, 179 F.3d at 615 (the controversy must be live when the case is decided) (citing *Missouri v. Craig*, 163 F.3d 482, 484 (8th Cir. 1998)).

Such is the case here.  The relief Li sought when he filed suit has now been achieved. The Court cannot compel the Defendants to act where they have already acted.  An Article III case or controversy, therefore, no longer exists, rendering this case moot.  *See, e.g., Peng v. Chertoff*, No. 2:07-cv-091, 2007 WL 2331921, *2-3 (S.D. Ohio Aug. 13, 2007) (suit to compel adjustment of immigration status rendered moot when status so adjusted); *Thompson v. U.S. Dep't of Labor,* 813 F.2d 48, 51 (3rd Cir. 1987) (mandamus petition to compel agency action mooted when agency takes requested action); *Gray v. Office of Personnel Mgmt.,* 771 F.2d 1504, 1514 (D.C. Cir. 1985), *cert. denied*, 475 U.S. 1089 (1986) (same).[2]

## III.  CONCLUSION

Because the Defendants have now granted Li the immigration status adjustment requested in his lawsuit, the Court recommends that the case be dismissed as moot.

## IV.  RECOMMENDATION

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

- A.  Defendants' Motion to Dismiss or for Summary Judgment (Doc. No. 3) be **DENIED AS MOOT**.
- B.  This action be **DISMISSED IN ITS ENTIRETY**.

---

[2] Because this Court recommends dismissal of the case as moot, it does not reach the merits of Defendants' Motion to Dismiss or for Summary Judgment.

Dated: January 31, 2008.                              s/ *Jeanne J. Graham*

                                                      _____
                                                      JEANNE J. GRAHAM
                                                      United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **February 14, 2008**. A party may respond to the objections within ten days after service. Any objections or responses filed under this rule shall not exceed 3,500 words. The District Court shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties stipulate that the District Court is not required, under 28 U.S.C. § 636, to review a transcript of the hearing in order to resolve all objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.